**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**JEROME WESLEY HUGHES**                                               **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 1:17-CV-28-KS-TFM**

**MIKE MEADOWS, et al.**                                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motions to Dismiss [28, 30]. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that both motions are well taken and should be granted. Plaintiff's 42 U.S.C. § 1983 claims against all Defendants shall be dismissed with prejudice. Plaintiff's state law claims for negligence and conversion against Defendants Mike Meadows, Jim Smith, and the Town of Cottonwood shall be dismissed without prejudice. Plaintiff's state law claim for conversion against Defendant the Humane Society of the United States shall be dismissed without prejudice.

**I. BACKGROUND**

Plaintiff Jerome Wesley Hughes ("Plaintiff") initiated this action by filing his Complaint [1] on January 11, 2017. In response to Plaintiff's Complaint, Defendants Mike Meadows ("Meadows"), Jim Smith ("Smith"), and the Town of Cottonwood, Alabama, ("the Town"),[1] and Defendant the Humane Society of the United States ("Humane Society") filed Motions to Dismiss [16, 19] pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff then filed a Motion to Amend [20], which the Court granted. Plaintiff filed his Amended Complaint [22], which the State Defendants and the Humane Society again moved to dismiss [28, 30] under Federal Rule of Civil Procedure 12(b)(6).

---

[1] Collectively the "State Defendants."

This action arises out of the events of January 12, 2015, when, according to the Amended Complaint [22], Defendants Mike Meadows and Jim Smith (collectively the "Officer Defendants"), employees of the Town, executed a search warrant issued by the Circuit Court of Houston County, Alabama, by entering Plaintiff's property and seizing 65 dogs, which were transported from the property by the Humane Society. (Am. Compl. [22] at ¶ 13.) Out of these events, Plaintiff alleges a 42 U.S.C. § 1983 claim against all Defendants, a negligence claim against the State Defendants, and a conversion claim against all Defendants.

## II. DISCUSSION

### A. Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 278, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)) (internal quotations omitted). This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft*, 556 U.S. at 679, 129 S. Ct. 1937.[2]

---

[2] Plaintiff incorrectly reads the Supreme Court's decision in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S. Ct. 1160, 122 L.Ed.2d 517 (1993), to require a more lax pleading requirement on § 1983 claims against municipalities. What *Leatherman* actually held, though, is that the normal pleading requirements of Federal Rule of Civil Procedure 8(a)(2) applied, as later detailed by *Iqbal* and *Twombly*, not the otherwise heightened pleading standards previously employed by the Fifth Circuit in that particular case. *See* 507 U.S. at 168, 113 S. Ct. 1160.

B.     **Federal Claims**

The only federal claim articulated in Plaintiff's Amended Complaint [22] is a 42 U.S.C. § 1983 claim for the alleged violation of Plaintiff's due process rights under the Fourteenth Amendment.[3] Specifically, Plaintiff claims that his canines were "wrongfully euthanized, g[iven] away, adopted out, or otherwise disposed of . . . without due process."[4] (Am. Compl. [22] at ¶ 17.)

1.     **Officer Defendants**

The only actions Plaintiff attributes to the Officer Defendants, Meadows and Smith, in connection with the canines are that they "under color of law pursuant to a search warrant issued by the Circuit Court of Houston County, Alabama, entered onto the Plaintiff's property and into the home of the Plaintiff," where they "permitted, requested and/or directed The [sic] Humane Society of the United States . . . to participate in the seizure and to take actual possession of and remove from the property" the canines. (Am. Compl. [22] at ¶ 13.) At no point in the Amended Complaint [22], though, does Plaintiff allege that Meadows and Smith's actions in the actual search and seizure violated the Constitution or any federal law.[5] The only constitutional violation Plaintiff alleges is a due process violation for the disposal of his canines. Because Meadows and Smith are not alleged to have been involved in this violation, they cannot be held individually liable for it. Therefore, the § 1983 claims against them in their individual capacities are due to be **dismissed with prejudice**.

---

[3] In his Response [35] to the State Defendants' Motion to Dismiss [28], Plaintiff makes arguments under the Fifth Amendment's Taking Clause, which is not implicated in his Amended Complaint [22] and which will not be considered by this Court.

[4] Plaintiff also makes allegations of deficiencies in the forfeiture hearing conducted in state court in regards to these canines, but those allegations are properly attributed to state prosecutors and state court officials, none of which are parties to this suit.

[5] Plaintiff does attempt to allege that the seizure was in violation of *state* law, but § 1983 provides a remedy when *federal* rights are implicated. *See, e.g.*, *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 106, 110 S. Ct. 444, 107 L.Ed.2d 420 (1989).

As for the § 1983 claims against Meadows and Smith in their official capacities, it is well-settled law that claims against municipal officials in their official capacities are claims against the municipality itself. *See, e.g., Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985)). As such, the § 1983 claims against Meadows and Smith in their official capacities are duplicative of the claims against the Town, and should be **dismissed with prejudice** as redundant.

The State Defendants' Motion to Dismiss [28] will therefore be **granted** with respect to the § 1983 claims pending against Meadows and Smith in their official and individual capacities.

### 2. The Humane Society

Plaintiff alleges that the Humane Society violated the Fourteenth Amendment [6] when it disposed of his dogs through adoption, euthanasia, or other means following the execution of the search warrant, and that Plaintiff is entitled to recovery under 42 U.S.C. § 1983. (Am. Compl. [22] at ¶ 17.) "A successful § 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 156-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)).

Private parties may only rarely be considered state actors for the purpose of the Fourteenth Amendment. *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). For a private party such as the Humane Society to be considered a state actor, one of the following conditions must exist: "(1) the State has coerced or at least significantly encouraged the action

---

[6] Plaintiff also attempts to allege that he can recover under 42 U.S.C. § 1983 for a violation of the Alabama Constitution. However, § 1983 only serves as a means of recovery for the violation of a federal right. *See, e.g.*, *Golden State Transit Corp.*, 493 U.S. at 106, 110 S. Ct. 444.

4

alleged to violate the Constitution ('State compulsion test'); (2) the private part[y] performed a public function that was traditionally the exclusive prerogative of the State ('public function test') or (3) the State had so far insinuated itself into a position of interdependence with the private part[y] that it was a joint participant in the enterprise ('nexus/joint action test')." *Id.* (internal quotation marks and citations omitted).

Plaintiff contends that the actions of the Humane Society satisfy the public function test. (Pl.'s Mem. Opp'n to Mot. Dismiss of Humane Society [34] at p. 6.) Plaintiff alleges that the Officer Defendants "permitted, requested and/or directed the Humane Society . . . to participate in the seizure and to take actual possession of" Plaintiff's dogs. (Am. Compl. [22] at ¶ 13.) Plaintiff argues that by participating in the execution of the search warrant, the Humane Society was performing functions that are traditionally the exclusive prerogative of the state. (Pl.'s Mem. Opp'n to Mot. Dismiss of Humane Society [34] at p. 6.) However, very few activities are exclusively reserved to the state. *Harvey v. Harvey*, 949 F.2d 1127, 1131 (11th Cir. 1992). Even searches, arrests, and detentions are not exclusively the prerogative of the state. *See White v. Scrivner Corp.*, 594 F.2d 140, 142-43 (5th Cir. 1979). In this case, the Humane Society did not execute the search warrant itself. According to the First Amended complaint [22], it merely participated in the execution of the warrant by the Officer Defendants. Assisting police officers does not automatically transform a person or entity into a state actor. *See Proffitt v. Ridgway*, 279 F.3d 503, 508 (7th Cir. 2002) ("To assist the police is a duty of citizenship; and the performance of a duty to someone does not turn the performer into that someone."). Here, the Humane Society's actions assisting the Officer Defendants in the execution of a search warrant are not sufficient to make the Humane Society a state actor through the public function test.

Plaintiff also alleges in a conclusory fashion that "the 'state compulsion test' would still operate to apply the Fourteenth Amendment to the alleged unconstitutional taking of Plaintiff's property." (Pl.'s Mem. Opp'n to Mot. Dismiss of Humane Society [34] at p. 6.) Such conclusory statements without any allegations providing factual support are not entitled to deference by the Court. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. As a result, the Court rejects Plaintiff's claim that the Humane Society's actions satisfy the state compulsion test.

Finally, Plaintiff contends that the Humane Society's actions to take possession of the dogs at a significant burden to itself, including the arrangement of two large trucks to transport the dogs and the cost of housing the dogs, evidence interdependence between the Humane Society and the Town of Cottonwood sufficient to meet the nexus/joint action test. (Pl's Mem. Opp'n to Mot. Dismiss of Humane Society [34] at pp. 6-7.) However, the First Amended Complaint does not contain additional sufficient factual allegations that would lead the Court to find that "the State had so far insinuated itself into a position of interdependence with the [Humane Society] that it was a joint participant in the enterprise." *Rayburn*, 241 F.3d at 1347. The burden on the Humane Society is not in itself sufficient to plausibly lead to the conclusion that the Humane Society and the Town of Cottonwood were in a position of interdependence. Because Plaintiff has failed to make allegations that satisfy any of the three tests that would make a private entity a state actor in the context of the 14th Amendment, his § 1983 claim against the Humane Society is due to be **dismissed with prejudiced**. The Humane Society's Motion to Dismiss [30] will be **granted** as to this claim.

### 3. The Town

Under *Monell v. Department of Social Services*, the Town "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Buckner v. Toro*, 116 F.3d 450, 452

(11th Cir. 1997) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U. S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)).  Rather, to be liable under § 1983, the alleged injury must be the result of "a government's policy or custom" as implemented by "its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."  *Id.*  "[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."  *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989)).  Where liability is premised on a custom, "a plaintiff must establish a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law."  *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991) (internal quotations and citations omitted).

When municipal liability is alleged under § 1983, "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees."  *McDowell*, 392 F.3d at 1291 (quoting *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 405, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997)).  This requires a showing that the Town's actions were "taken with deliberate indifference as to its known or obvious consequences" and that this "*deliberate* conduct . . . was the 'moving force' behind [his] injury."  *Id.* at 1291-92 (citations omitted) (alterations and emphasis in original).

Even if a constitutional violation could be established, Plaintiff has alleged no policy or custom on the part of the Town which would create municipality liability under *Monell*.  Furthermore, Plaintiff claims that the alleged constitutional violation, the disposal of the canines, was under taken by the Humane Society, acting either as an agent of the Town or "acting under its

7

own initiative(s) and without the express or implied authority of the Town of Cottonwood and without other legal authority." (Am. Compl. [22] at ¶ 17.)  If the Humane Society was acting as an agent of the Town, then under *Monell*, the Town cannot be held liable for its actions under any *respondeat superior* type theory.  *See Buckner*, 116 F.3d at 452 (quoting *Monell*, 436 U. S. at 694, 98 S. Ct. 2018).  If the Humane Society acted under its own initiative, the Town cannot be said to have taken any act "with deliberate indifference as to its known or obvious consequences" nor can the Court find that the Town was the "moving force" behind Plaintiff's alleged injury.  *See McDowell*, 392 F.3d at 1291-92.  Therefore, the Court finds that the § 1983 claim against the Town fails, and it must be **dismissed with prejudice**.  The State Defendants' Motion to Dismiss [28] will therefore be **granted** as to this claim.

    **B.**    **State Law Claims**

In his First Amended Complaint [22], Plaintiff invokes 28 U.S.C. §§ 1343(3) and 1331(a) as the basis for the Court's jurisdiction over his claims. However, these statutes only grant jurisdiction over the Plaintiff's 42 U.S.C. § 1983 claims. Section 1343(3) gives the Court jurisdiction over actions "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(3). Section 1331(a) gives the Court jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331(a). Plaintiff's claims for negligence and conversion do not fall within the jurisdiction granted by either of the statutes Plaintiff invokes in the First Amended Complaint [22].

The Court may still take up Plaintiff's negligence and conversion claims under its supplemental jurisdiction. Congress has granted the Court jurisdiction over such claims by statute:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

However, the Court has the discretion to decline to exercise its supplemental jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* at § 1367(c). Because the Court is dismissing the § 1983 claims over which it has original jurisdiction, the Court is within its discretion under the supplemental jurisdiction statute to dismiss the negligence and conversion claims arising under Alabama law. "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997). Plaintiff's negligence and conversion claims rely on determinations of state law. "State courts, not federal courts, should be the final arbiters of state law." *Id.* This lawsuit is in its early stages. Neither party is unfairly prejudiced by having the remaining claims heard in state court. Therefore, the court finds that the claims of negligence against the State Defendants and claims of conversion against all Defendants are **dismissed without prejudice**. The Defendants' Motions to Dismiss [28, 30] are **granted** as to those claims.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motions to Dismiss [28, 30] are **granted**. Plaintiff's claims against all Defendants under 42 U.S.C. § 1983 are **dismissed with prejudice**. Plaintiff's claims of negligence and conversion against Defendants Mike Meadows, Jim Smith, and the Town of Cottonwood are **dismissed without prejudice**. Plaintiff's claim of conversion against Defendant the Humane Society of the United States is **dismissed without prejudice**.

SO ORDERED AND ADJUDGED, on this, the ___18th___ day of July, 2017.


 _s/Keith Starrett_____
 KEITH STARRETT
 UNITED STATES DISTRICT JUDGE